**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARYLAND MANOR ASSOCIATES, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-10-1736 |
| CITY OF HOUSTON, | § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

This case arises out of a City of Houston building permit. In its original complaint, the plaintiffs, Maryland Manor Associates and Buckhead Investment Partners, Inc., alleged that the City of Houston had violated their substantive due process and equal protection rights under the Fourteenth Amendment to the United States Constitution by denying their permit applications and requiring them to modify the application before it was ultimately approved. The plaintiffs first filed a permit application on July 30, 2007. They then filed a number of successive applications, all of which were denied. The successive applications included one filed on April 7, 2009, which was denied on July 21, 2009. The plaintiffs ultimately filed a modified application on August 4, 2009, which was approved. The modification changed the development from one that would generate higher traffic to one that would generate a reduced number of automobile trips onto and off a particular road. The plaintiffs sued under 42 U.S.C § 1983 and 1988 as well as under state law, asserting that the City's denial of the permit applications deprived them of vested rights.

The City moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, asking that the plaintiffs specify which permit applications were denied under the cited

Code of Ordinances section, 40-82.  This court granted the motion and the plaintiffs filed an amended complaint.  In that amended complaint, the plaintiffs clarified that although they had filed their initial permit application in July 2007, they based their suit on their application filed on April 7, 2009, which was denied on July 21, 2009.  (Docket Entry No. 7, ¶ 26).  The City has now filed a second motion for more definite statement, Docket Entry No. 9, and in addition moved for partial summary judgment, Docket Entry No. 17.  The City's  summary judgment motion is based on the argument that the plaintiffs' federal claims accrued when the first permit application was denied, which occurred in early 2008.  The plaintiffs responded to the second motion for more definite statement, Docket Entry No. 16.  The time for responding to the motion for partial summary judgment has not yet elapsed.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed bu which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  However, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small.  As the cases make clear, the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004).  A motion for more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.  *See Davenport v. Rodriguez,* 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001).

In this case, the amended complaint does specify that the only permit submittal and denial under ordinance section 40-86 on which the plaintiffs base their claims are dated, respectively, April 7, 2009 and July 21, 2009.  The City asks the plaintiffs also to specify in the complaint all the permit

submittals they filed that were denied under section 40-86 and when the denials issued. The plaintiffs are asked to specify dates and related information about application submittals that they do not rely on as the basis of their claim. The defendants are able to obtain this information, which they apparently want to use to support their motion for partial summary judgment, through discovery. Such information is beyond the appropriate use of a Rule 12(e) motion. The City's second Rule 12(e) motion is denied.

      SIGNED on August 12, 2010, at Houston, Texas.

                                            Lee H. Rosenthal
                                     United States District Judge